# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHESTER D. VOYLES, | ) |
| Petitioner, | ) ) ) |
| -vs- | ) )   Case No. CIV-22-71-F |
| SCOTT CROW, | ) ) ) |
| Respondent. | ) ) |

## ORDER

Petitioner Chester D. Voyles, a state prisoner appearing *pro se*, commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He seeks habeas relief based, in part, upon the Supreme Court's ruling in McGirt v. Oklahoma, 140 S.Ct. 2452 (2020). The court referred the matter to United States Magistrate Judge Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). After reviewing the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, Magistrate Judge Erwin issued a Report and Recommendation (doc. no. 9), recommending the court dismiss the petition with prejudice as untimely. Specifically, Magistrate Judge Erwin concluded the petition was untimely under 28 U.S.C. § 2244(d)(1), was not subject to statutory or equitable tolling, and the "actual innocence" exception did not apply.

The court is in receipt of petitioner's objection to the Report and Recommendation (doc. no. 10), triggering a de novo review by the court. Having conducted that review, the court concurs with the cogent analysis of Magistrate Judge Erwin. The court need not repeat the full analysis here. Petitioner's objection is without merit. As recognized by Magistrate Judge Erwin, there is no exception to

§ 2244(d)(1)'s one-year statute of limitations for a habeas claim based on a trial court's alleged lack of subject matter jurisdiction. *See*, Morales v. Jones, 417 Fed. Appx. 746, 749 (10th Cir. 2011) ("Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause . . . As with any other habeas claim, it is subject to dismissal for untimeliness.") (citation and quotation marks omitted);[1] *see also*, Ross v. Pettigrew, 2021 WL 1535365, at *3, n. 5 (N.D. Okla. Apr. 19, 2021) (rejecting petitioner's assertion that a habeas petition's challenge to the trial court's subject matter jurisdiction is not subject to § 2244(d)(1)'s one-year statute of limitations because "the plain language of § 2244(d)(1) provides no exception for due-process claims challenging [subject matter] jurisdiction"). Further, the court concludes that the limitations issue is properly raised sua sponte as the time-bar is apparent on the face of the petition, it is raised early in this proceeding, the petitioner received a fair notice and opportunity to address it, and the § 2241(d)(1) statute of limitations "implicat[es] values beyond the concerns of the parties," *see*, Wood v. Milyard, 566 U.S. 463, 472 (2012) (citations and quotation marks omitted).

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. The court's dismissal of petitioner's § 2254 petition as untimely is such an order. *See*, *e.g.*, Clark v. Oklahoma, 468 F.3d 711, 713 (10th Cir. 2006). Where the district court dismisses a petition on procedural grounds, such as in the instant case, a certificate of appealability may issue only if the petitioner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

---

[1] Unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A).

district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  Upon review, the court concludes that petitioner is not entitled to issuance of a certificate of appealability.  A certificate of appealability is denied.

Accordingly, the Report and Recommendation (doc. no. 9) issued by United States Magistrate Judge Shon T. Erwin on March 14, 2022 is **ACCEPTED**, **ADOPTED**, and **AFFIRMED**. Petitioner Chester D. Voyles' Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody is **DISMISSED** as untimely.  Given the court's ruling, petitioner's motions (doc. no. 6 and doc. no. 7) are **DENIED as MOOT**.  A certificate of appealability is **DENIED**.  Judgment shall issue separately.

IT IS SO ORDERED this 29th day of March, 2022.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-0071p001.docx